# MAHER & PITTELL, LLP

ATTORNEYS AT LAW

| | | |
|---|---|---|
| *Reply To:* | | *Long Island Office* |
| **42-40 Bell Blvd, Suite 302** | | **10 Bond St, Suite 389** |
| **Bayside, New York 11361** | | **Great Neck, New York 11021** |
| **Tel (516) 829-2299** | | **Tel (516) 829-2299** |
| *jp@jpittell.com* | | *jp@jpittell.com* |

October 26, 2021

Hon. Alison J. Nathan
U.S. District Court
40 Foley Sq
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/2021
```

Re:   Habeas Petition / Motion for Return of Property
     *Le v. U.S.A.*, 20 cv 1782 (AJN) - *U.S.A. v. Le*, 15 cr 38 (AJN)

Dear Judge Nathan:

    I am counsel to *Cheng Le,* the Petitioner/Defendant in the above referenced matters.

    I submit this letter to provide the Court a status update and request a modification of the pending briefing schedule.

    As indicated in my prior letters, and in the *pro se* pleadings, Mr. Le has been seeking to conduct a forensic examination of certain electronic devices which were seized from his apartment at the time of his arrest. This devices include a tablet, an iPhone and a laptop computer (collectively, the "Devices"). He has been seeking to examine the Devices as the data or information in them may provide further support for the claims asserted in his Habeas Petition. He contends these Devices were never examined by his trial counsel. The tablet and iPhone were not introduced at trial and Mr. Le sought their return as part of the Property Motion. The laptop was introduced as a Government trial exhibit.

    Accordingly to a Government discovery letter addressed to Mr. Le's trial counsel, a copy of the laptop (in encrypted form) was included in an external discovery hard drive produced to the defense as part of the discovery production. The letter indicates that neither the iPhone nor tablet were included in the discovery production as the Government could not access and copy these items. The letter further indicates that all the Devices were available for physical inspection by Mr. Le's trial counsel.

    As noted in prior submissions, all three Devices have since been destroyed by the FBI. Nonetheless, I have been inquiring about a reproduction of the discovery hard drive -- which contained the copy of the laptop -- so that, at least, that device could be examined. However, the Government and FBI inform they no longer have a file copy of the discovery drive produced to the defense. In further seeking to obtain the discovery, I conferred with Mr. Le's prior trial and appellate

counsel. It is my understanding that each of them received a copy of the discovery hard drive. However, they inform they are no longer in possession the drives as they were directed to send the drives to third parties. I am now trying to determine whether the drives can be retrieved from the third parties.

My submissions in further support of Mr. Le's Habeas Petition and the Property Motion are due on November 5, 2021. At this point, by this date, I do not anticipate being able to acquire the previously produced discovery drives -- and, if so, being able to arrange for a forensic examination of them -- before the submission date. Accordingly, due to this circumstance as well as my need to continue conferring with Mr. Le, I respectfully request the submission schedule to be modified by approximately ninety days. I have conferred with the Government and do not object to this request.

Wherefore, based upon the foregoing, with consent of the Government, I respectfully request the submission schedule be modified as follows as follows:

Mr. Le's submissions due on February 7, 2022
Government response due on March 7, 2022.

SO ORDERED.

Respectfully submitted,
/s/
Jeffrey G. Pittell

11/2/2021

cc: AUSA Ilan Graf
Cheng Le

2